# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE MAYS,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendants.<br>_____/ | Case No. 1:13-cv-00904-SKO<br><br>**ORDER DENYING MOTION TO AMEND THE JUDGMENT**<br><br>(Doc. 26) |

## I. INTRODUCTION

On July 11, 2014, the Court denied Plaintiff Wayne Mays' ("Plaintiff") appeal from the administrative decision of the Commissioner of Social Security and entered judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner" or "Defendant"), and against Plaintiff. (Doc. 24.) Presently before the Court is Plaintiff's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), timely filed on August 7, 2014. (Doc. 26.)

## II. BACKGROUND

Plaintiff filed an application for Supplemental Security Income ("SSI") on August 4, 2010, alleging an onset of disability on January 1, 2008. (Administrative Record, ("AR"), at 90-97.) The Commissioner denied the application initially and again on reconsideration (AR 55-66), and Plaintiff sought and was granted a hearing before an administrative law judge ("ALJ"), where Plaintiff testified with the assistance of counsel and argued that he met the requirements of certain

presumptively disabling Listings. (AR 222-54.) A Vocational Expert ("VE") also testified at the hearing. The ALJ issued a decision on July 6, 2012, finding Plaintiff was not disabled. In the decision, the ALJ expressly found that Plaintiff did not meet or medically equal the criteria of listings 12.02, 12.04, 12.06, 12.08, and 12.09, or the Paragraph B criteria.

Plaintiff requested review of the ALJ's decision in an application to the Appeals Council, alleging that the decision was inadequate at Step 2, and that Plaintiff's test scores met Listing 12.02. (AR 219-20.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (AR 5-8.) Plaintiff then sought judicial review in this Court pursuant to 42 U.S.C. § 405(g). (Doc. 1.)

In his opening brief, Plaintiff argued for the very first time that he met or equaled the requirements of Listing 12.05(C), based on a qualifying I.Q. score and history of special education and low academic achievement. (Docs. 19; 23.) No evidence or argument specifically referring to this issue had been presented to the ALJ or to the Appeals Council.

In considering Plaintiff's argument that he met or equaled Listing 12.05(C), the Court noted Plaintiff, who was represented by counsel, had failed to raise this Listing at any administrative level, despite having raised arguments regarding *other* Listings. Further, even assuming the ALJ erred in failing to consider a Listing that Plaintiff neglected to present at all stages of the administrative process, the error was not prejudicial as the ALJ made sufficient findings and the evidence did not establish Plaintiff meet or equal Listing 12.05(C). The Court ordered judgment in favor of Defendant, finding that the ALJ accorded proper weight to the opinion of the examining physician that conducted Plaintiff's mental impairment assessment, properly considered the limiting effects of Plaintiff's mental impairments, and did not err by assessing Plaintiff's mental impairments at Step 3 of the five-step sequential analysis. (Doc. 24.)

Following the Court's order, Plaintiff filed a Rule 59(e) motion to alter or amend the judgment arguing the Court erred in considering Plaintiff's 12.05(C) Listing argument.

### III.   LEGAL STANDARD

Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior

2

motion, or what other grounds exist for the motion." E.D. Cal. L. R. 230(j); *see United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (reconsideration appropriate for a change in the controlling law, facts, or other circumstances; a need to correct a clear error; or a need to prevent manifest injustice); *Gordon v. Astrue*, No. 2:10-CV-1198---GGH, 2011 WL 5041217 at *1 (E.D. Cal. Oct. 24, 2011) ("[D]ecisions on legal issues made in a case should be followed unless there is substantially different evidence[, ] new controlling authority, or the prior decision was clearly erroneous and would result in injustice.") (internal quotation omitted).  "To succeed [on a Rule 59(e) motion], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2011).

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources . . . A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003) (internal citation omitted); *see also McQuillion v. Duncan*, 342 F.3d 1012, 1013 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.") (internal quotations omitted).

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011).  The purpose of Rule 59(e) is *not* to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment." *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27. 2013) (internal quotations omitted).  It is not a method by which to raise arguments or present evidence for the first time when they could reasonably have been raised earlier, *see School Dist. No. 1J, Multnomah County,*

*Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), or to reargue an issue, *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

Where a party "'has brought up nothing new—except his displeasure—this Court has no proper basis upon which to alter or amend the order previously entered. The judgment may indeed be based upon an erroneous view of the law, but if so, the proper recourse is appeal–not reargument.'" *Kilgore*, 2013 WL 5425313 at *2 (quoting *Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981)); *Gordon*, 2011 WL 5041217 at *2 (quoting *Frito Lay*, 92 F.R.D. at 390).

"Mere doubts or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

**A.   Plaintiff's Re-Arguments Do Not Satisfy Rule 59(e)**

In his Rule 59(e) motion, Plaintiff does not present new law or facts as a basis for altering the Court's judgment. Instead, Plaintiff contends the Court made an error of law in affirming the ALJ's decision. (Doc. 26, 1.) The thrust of Plaintiff's motion "reasserts the arguments from her (*sic*) Opening Brief (Dkt #22)[ and] Reply Brief (Dkt #24)" (Doc. 26, 1), to again argue that the ALJ failed to explicitly analyze whether Plaintiff's impairments rose to or equaled the requirements of Listing 12.05(C) to qualify him as presumptively disabled for the purposes of disability benefits. (Doc. 26, 1-3.) By reasserting the opening brief arguments, Plaintiff also disputes the Court's findings that the ALJ accorded appropriate weight to the opinion of examining physician Dr. Robert M. Sayad, properly considered the limiting effects of Plaintiff's mental impairments, and properly assessed Plaintiff's mental functions at Step 3. (Docs. 19; 23; 24; 26.)

In sum, Plaintiff is requesting the Court reassess its original decision, hoping for a different outcome on a second pass. This "second bite at the apple" is the exact situation that is not

permitted by a Rule 59(e) motion. *Campion*, 2011 WL 1935967, at *1 ("A motion for reconsideration may not be used to get a second bite at the apple."). Mere disagreement or dissatisfaction with a decision is not a sufficient basis to alter or amend that judgment. *Id.*; *see also Kilgore*, 2013 WL 5425313 at *1. Absent a showing of clear error – which is "more than just maybe or probably wrong; it must be dead wrong" – there is no basis for Rule 59(e) motion. *Campion*, 2011 WL 1935967, at *1. Plaintiff is raising the same arguments and is presenting the same evidence raised in his original opening brief, and fails to demonstrate anything approaching a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.*

**B.    The Court Did Not Clearly Err In Affirming the ALJ's Analysis at the Third Step**

Plaintiff contends the Court committed a clear error of law by affirming the ALJ's Step 3 determination that Plaintiff does not suffer from an impairment or combination of impairments that meets or equals a Listing. (AR 18.)

**1.    The ALJ Did Not Err By Failing To Expressly Consider Listing 12.05(C)**

Plaintiff re-asserts that the ALJ erred by failing to discuss why Plaintiff did not satisfy the requirements of Listing 12.05(C). (Doc. 26, 1-3.)

Courts generally will not consider an issue on judicial review that had not been presented previously to the Commissioner at some point during administrative proceedings. *See, e.g., Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), as amended (June 22, 1999); *see also Fowler v. Shalala*, 46 F.3d 876, 878-79 (8th Cir. 1995) (mental impairments not raised before ALJ may provide basis for a new application, but will not be considered in reviewing ALJ's denial of benefits). Further, absent a showing of good cause as to why such evidence was not earlier provided, federal court review is based *exclusively* on the record developed at the administrative hearing or before the Appeals Council. 42 U.S.C. § 405(g). Particularly where a claimant "'was represented by counsel who knew that all relevant evidence should have been brought to the ALJ's attention . . . . [claimants] must raise all issues and evidence at their administrative hearings to preserve them on appeal.'" *Lankford v. Astrue*, No. 1:07-cv-01668-TAG, 2009 WL 817390, at *12 (E.D. Cal. Mar. 26, 2009) (quoting *Meanel*, 172 F.3d at 1115).

Here, Plaintiff first alleged he met Listing 12.05(C) in his opening brief before this Court. Plaintiff did not present any argument that he met Listing 12.05(C) at any prior administrative stage of the proceedings. At the hearing before the ALJ, Plaintiff was represented by counsel who asserted Plaintiff met other Listings, but counsel did not mention Listing 12.05(C). Plaintiff's representative submitted a brief to the Appeals Council following the ALJ decision arguing that Plaintiff met Listing 12.02, but did not assert Plaintiff met Listing 12.05(C).

Moreover, the record before the ALJ did not support a finding that Listing 12.05(C) was met or equaled. Dr. Morris, upon review of Plaintiff's medical records and Dr. Sayad's opinion, specifically indicated that Listing 12.05(C) was not met. (AR 159.) Dr. Morris' opinion was given weight by the ALJ. (AR 23 ("I give great weight to the conclusions of the Disability Determination Service medical consultants.").) Due to the fact that Plaintiff did not raise Listing 12.05(C) but asserted he met or equaled *other* Listings in conjunction with the evidence before the ALJ, as discussed more fully below, the ALJ's failure to expressly consider Listing 12.05(C) was not error.

Plaintiff has presented nothing to indicate that affirming the ALJ's failure to expressly address Listing 12.05(C) was a clear error of law. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) ("It is unnecessary to require the Secretary, as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments. The Secretary's four page 'evaluation of the evidence' is an adequate statement of the 'foundations on which the ultimate factual conclusions are based.' To require the ALJ's to improve their literary skills in this instance would unduly burden the social security disability process."). Plaintiff's argument reasserts what has already been presented to the Court. A Rule 59(e) motion is not a proper vehicle to present the same argument that has already been considered and found unpersuasive.

### 2. The Medical Record and Circumstantial Evidence Did Not Show that Plaintiff Met or Equaled the Requirements of Listing 12.05(C)

Plaintiff argues, just as in his opening brief, that regardless of his failure to raise the issue at any prior administrative proceeding, the evidence in the administrative record establishes that his impairment meets or equals the criteria of Listing 12.05(C), and the Court erred by affirming

the ALJ's Step 3 findings. (Docs. 19; 23; 26; 29.)

When a claimant proves he meets or equals a listed impairment, he is then "irrebuttably presumed disabled and entitled to benefits" at Step 3. *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir.1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002) (the claimant bears the burden of establishing a prima facie case of disability under the Listings). To "meet" a listed impairment, a disability claimant must establish that his condition satisfies *every* element of the listed impairment in question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). To "equal" a listed impairment, a claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to *each* element of the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100; *see also Zebly*, 493 U.S. at 531-33 (a claimant must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment, and cannot allege that "the *overall* functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment.").

Listing 12.05(C) requires a claimant to provide evidence indicating "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period[,]" evidence of a valid verbal, performance, or full scale I.Q. score in the range of 60-70, and evidence of an impairment imposing an additional and significant work-related limitation of function. *Id.* § 404, Subpt. P, App. 1, § 12.05C.

The evidence before the ALJ did not support a *sua sponte* finding that Plaintiff met Listing 12.05(C), and the Court properly affirmed the ALJ's decision that "the medical evidence does not document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." (AR 18.) This Court's order summarized the ALJ's findings on Plaintiff's limitations due to his mental impairment and Dr. Sayad's mental impairment evaluation at length, concluding that:

> While the ALJ did not specifically analyze Listing 12.05(C) at Step Two of the sequential analysis, he did make findings that Plaintiff did not have deficits in adaptive functioning ("[Plaintiff] does not appear to be developmentally disabled and concurrent deficits in adaptive functioning, necessary for a diagnosis of mental retardation, were not evident on examination."). (AR 22.) The ALJ's decision and Dr. Sayad's report both specifically note Plaintiff was *not*

developmentally disabled given a lack of concurrent deficits in adaptive function. (AR pp. 22, 150.)  In light of the medical opinions and the ALJ's analysis that Plaintiff does not lack concurrent adaptive functioning, Plaintiff has failed to demonstrate that he meets the first requirement of listing 12.05(C), that of "significantly sub-average general intellectual functioning with deficits in adaptive functioning with an onset before age 22," because he does not demonstrate deficits in adaptive functioning.

(Doc. 24.)  Plaintiff now argues that the Court erred by not searching the record for evidence to support a finding that Plaintiff met or equaled the first prong of Listing 12.05(C).  (Doc. 29, 3.)

"Deficits in adaptive functioning are shown by 'significant limitations in at least two of the following skill areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety.'"  *Taylor v. Astrue*, No. 1:09-CV-01219-SKO, 2011 WL 4055243, at *18 (E.D. Cal. Sept. 12, 2011) (quoting DSM–IV–TR at 49).  In addition to assessing Dr. Sayad's opinion[1] that Plaintiff "d[id] not appear to be developmentally disabled and concurrent deficits in adaptive functioning, necessary for a diagnosis of mental retardation, were not evident on examination" (AR 22, 151), the ALJ considered Plaintiff's testimony in comparison with the observations made in Shirley Torres' function report.  (AR 22, 108-115.)  When compared to Ms. Torres' function report, the ALJ found that Plaintiff's testimony regarding his adaptive functioning "was not entirely persuasive or credible."  (AR 23.)  "The ALJ properly found that Plaintiff's testimony was not credible to the extent that it was unsupported by objective medical evidence and inconsistent with his daily activities."  *Batson v. Comm'r*, 359 F.3d 1190, 1196-97 (9th Cir. 2004).  Most importantly, the ALJ gave great weight to Dr. Morris, who opined Plaintiff did *not* meet Listing 12.05(C).  (AR 159.)

---

[1] Dr. Sayad determined, after a battery of tests to evaluate the extent of Plaintiff's mental impairments, that Plaintiff had a Full Scale IQ score of 67, representing a range of 64-72 at the 95th percent confidence interval, overlapping the range of mild mental retardation for the purposes of Paragraph C.  (AR 22, 148.)  While a qualifying IQ score may be prima facie evidence that an applicant suffers from 'significantly subaverage general intellectual functioning,' § 12.05, there is no necessary connection between an applicant's IQ scores and her relative adaptive functioning."  *Talavera v. Astrue*, 697 F.3d 145, 153 (2d Cir. 2012); *see also Hancock v. Astrue*, 667 F.3d 470, 473 (4th Cir. 2012) (Section "12.05 requires a showing of 'deficits in adaptive functioning initially manifested during the developmental period' " as well as "the satisfaction of [an] additional [IQ-based] requirement[ ]."); *Randall v. Astrue*, 570 F.3d 651, 656–61 (5th Cir. 2009) (per curiam) (same); *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir.2009) (same); *Harris v. Comm'r of Soc. Sec.*, 330 Fed. App'x. 813, 815 (11th Cir.2009) (per curiam) (same); *Novy v. Astrue*, 497 F.3d 708, 709 (7th Cir. 2007) (same); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (same).  "The regulations recognize that 'persons with an IQ in the 60s (or even lower) may still be able to hold a full-time job,' and are therefore not disabled, if their adaptive functioning is sufficiently intact."  *Talavera*, 697 F.3d at 153 (2d Cir. 2012) (quoting *Novy*, 497 F.3d at 709).

While "circumstantial evidence can infer a deficit in adaptive functioning prior to the age of 22 [through] attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history[,]" *Campbell v. Astrue*, No. 1:09-CV-00465—GSA, 2011 WL 444783 at *17 (E.D. Cal. Feb. 8, 2011), the Court will not reverse a decision where substantial evidence existed to support the ALJ's finding that the claimant did not suffer from deficits in adaptive functioning necessary for a finding of mental retardation, and a reviewing psychiatrist opined the requirements of Listing 12.05(C) were not met. (AR 22, 159.)

Dr. Sayad considered Plaintiff's school, drug, and incarceration history, and opined there were no deficits in adaptive functioning for purposes of diagnosing mental retardation. (AR 150 ("The claimant does not appear to be developmentally disabled and concurrent deficits in adaptive functioning, necessary for a diagnosis of mental retardation, were not evident on examination.").) Plaintiff contends Dr. Sayad's statement in this regard was only relevant to whether a *diagnosis* of mental retardation was warranted, and is irrelevant to whether Plaintiff meets the adaptive functioning requirement of Listing 12.05(C) for mental retardation. (Doc. 26, 2.) While a diagnosis for mental retardation is not required to meet Listing 12.05(C), Plaintiff fails to explain how deficits in adaptive functioning for purposes of a mental retardation diagnosis would differ from deficits in adaptive functioning for purposes of meeting Listing 12.05(C) for mental retardation.

More importantly, after considering Dr. Sayad's opinion, which included consideration of Plaintiff's educational, drug, and incarceration history – which Plaintiff argues show deficits in adaptive functioning – Dr. Morris specifically indicated the Listing 12.05(C) was *not* met. (AR 159.) Plaintiff never argued Dr. Morris was incorrect in her evaluation, and in light of this medical opinion, the ALJ would not have been warranted in simply assessing Plaintiff's academic, drug, incarceration and work history and determining there *were* deficits in adaptive functioning that met Listing 12.05(C). *Gonzalez Perez v. Sec'y of Health & Human Servs.*, 812 F.2d 747, 749 (1st Cir. 1987); *see also McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion).

9

Finally, because Plaintiff argued at the hearing before the ALJ that he met *other* Listings, the ALJ made thorough and careful Step 3 findings.  The record does not reflect the ALJ arbitrarily refused to consider evidence showing Plaintiff met Listing 12.05(C) – rather, the evidence did not suggest Listing 12.05(C) was met.  Thus, even if the ALJ erred in failing to *expressly* consider Listing 12.05(C), substantial evidence supported the ALJ's ultimate finding that Plaintiff did not meet a Listing and any error to expressly discuss Listing 12.05(C) was harmless.

In sum, Plaintiff's argument merely reiterates what was already presented in his opening brief.  The fact that Plaintiff is disappointed with the Court's decision and seeks "one additional chance to sway the [Court]" by asking the Court to re-consider "arguments and evidence [that] were previously carefully considered by the Court," is not enough to "provide a basis for amending the judgment." *Kilgore*, 2013 WL 5425313 at *1; *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Az. 1998) (a motion for reconsideration "should not be used to ask the court to rethink what the court has already though through – rightly or wrongly") (internal citations and quotations omitted).

### V.   CONCLUSION

For the reasons stated herein, it is hereby ordered that the Plaintiff's motion to alter or amend the judgment is DENIED.

IT IS SO ORDERED.

Dated:   **December 8, 2014**                    **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE